**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SARAH BALEY, <br><br>       Plaintiff, <br><br>       v. <br><br> ALLERGAN INC., and SKINMEDICA INC. <br><br>       Defendants | ) <br> ) <br> )  Civil Action No. **17-cv-7610** <br> ) <br> ) <br> ) <br> ) <br> )  **DEMAND FOR JURY TRIAL** <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, Sarah Baley ("Plaintiff" or "Ms. Baley"), by her attorneys, for her Complaint

against Defendants Allergan Inc. ("Allergan"), and SkinMedica Inc. ("SkinMedica")

(collectively "Defendants") alleges as follows:

### NATURE OF THE ACTION

1.      This is a case of direct and secondary copyright infringement in violation of 17

U.S.C. §§ 106(1), 501, and common law negligent misrepresentation.  Plaintiff seeks damages in

an amount to be established at trial.

### PARTIES

2.      Plaintiff Sarah Baley is an individual doing business under the name Sarah Baley

Photographer with her principal place of business in Brooklyn, New York.

3.      On information and belief Defendant Allergan is a company organized under the

Laws of the State of Delaware, has a principal place of business at 2525 Dupont Drive, Irvine,

CA 92612, and routinely transacts business throughout the State of New York, including in this

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

Judicial District, by, among other things, selling and offering for sale pharmaceuticals, cosmetics, and other products.

4.     On information and belief Defendant SkinMedica is a company organized under the Laws of the State of Delaware, has a principal place of business at 5909 Sea Lion Place, Suite H, Carlsbad, CA 92010, and routinely transacts business throughout the State of New York, including in this Judicial District, by, among other things, selling and offering for sale pharmaceuticals, cosmetics, and other products.  On information and belief SkinMedica is a fully owned subsidiary of Allergan.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question arising under the laws of the United State), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).  The Court has jurisdiction over the common law causes of action of negligent misrepresentation at least pursuant to 28 U.S.C. § 1367.

6.     Personal jurisdiction over Defendants is proper at least because (a) Defendants have committed acts of copyright infringement within the state of New York, and (b) because Defendants transact business pursuant to New York C.P.L.R. 302 within the state of New York and this Judicial District by offering, distributing and selling pharmaceuticals and cosmetics through doctor's offices, pharmacies and other venues, and deriving profits from such sales.  For example, the "How to Purchase" section the SkinMedica website identifies numerous SkinMedica authorized physicians in Manhattan, New York City.  *See,* https://www.skinmedica.com/howtopurchase (last visited on Sep. 15, 2017).

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

7.     Personal jurisdiction over Defendants is also proper pursuant to CPLR 302 because Defendants have committed torts at least by engaging in copyright infringement, causing injury to Plaintiff within New York, and Defendants regularly do and solicit business within New York and derive substantial revenue from this state.

8.     Pursuant to 28 U.S.C. § 1400 (a), venue properly lies in this Court because this action arises under the Copyright Act, Defendants are subject to personal jurisdiction in this Judicial District, and therefore can be found within this Judicial District.

## FACTUAL BACKGROUND

**A. Plaintiff's Business**

9.     Plaintiff is a professional photographer, who, through her business, creates and licenses photographic images for various uses.

10.     As a result of her talents, Plaintiff Sarah Baley is a highly-acclaimed photographer, specializing in portraits and fine art photography.  Her style and artistry make her photographs very popular and valuable.

11.     Plaintiff's photographs are collected by many art collectors, including celebrities, and have been exhibited at the Brooklyn Museum of Art and numerous art galleries, and are part of the permanent collections at the Brooklyn Museum of Art and the John Paul Getty Museum. Plaintiff and her work have been featured in articles in national and international publications, such as the New York Times, Huffington Post, and others.

**B. Defendants' Business**

12.     On information and belief, defendant SkinMedica develops and sells skin care products under the SkinMedica® brand ("SkinMedica Products").  On information and belief, at least certain types of SkinMedica Products, including professional skin peels, serums and others,

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

are distributed only through authorized skin care professionals, including physicians, and other entities in the United States and internationally (collectively "SkinMedica Resellers").  For example, the "How to Purchase" portion of the SkinMedica website states: "Use the map below to find a SkinMedica® authorized physician near you." *See,* https://www.skinmedica.com/howtopurchase  (last visited Sep. 21, 2017).

13.     On information and belief, defendant Allergan is a global pharmaceutical company that develops and sells, among other things, a wide variety of branded pharmaceuticals, devices and biologic products in the U.S. and internationally.  On information and belief, Defendant Allergan is a U.S. based subsidiary of Allergan plc, headquartered in Dublin, Ireland.

14.     On information and belief, in 2012 Defendant Allergan acquired SkinMedica, and since then SkinMedica has been operating as a wholly owned subsidiary of Allergan.  On information and belief Defendant Allergan owns the SkinMedica® brand, including trademarks and associated goodwill.

15.     On information and belief, Defendants provide advertising and marketing materials, including brochures, print and digital images, presentations, and training materials ("Advertising Materials") to the SkinMedica Resellers.  On information and belief, Defendants instruct the SkinMedica Resellers to use the Advertising Materials in their offices and on their websites to promote, among others, the SkinMedica Products.

16.     On information and belief Allergan operates a website located at www.allerganbrandbox.com, which provides access to presentations, brochures, emails, cards, and various other marketing and training materials.  *See,* https://www.allerganbrandbox.com/ (last visited Sep. 21, 2017)

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

17.     On information and belief, the www.allerganbrandbox.com website is registered to, and controlled by, Defendant Allergan, Inc.

18.     On information and belief, Defendants can control the use of the Advertising Materials by the SkinMedica Resellers by instructing the SkinMedica Resellers to use, or to stop using, particular Advertising Materials in connection with the advertising and promotion of the SkinMedica Products.

19.     On information and belief, Defendants profit from the sale of SkinMedica Products at least as a result of marketing through the display and distribution of Advertising Materials in the offices or on the websites of SkinMedica Resellers.

**C. The Copyrighted Works**

20.     In October 2004, Plaintiff was retained by an advertising agency to photograph the portraits of three female models.  On or about October 8, 2004, Plaintiff photographed the models and provided the resulting images (the "Copyrighted Works") to the advertising agency for further processing and distribution.  The Copyrighted Works are original works of authorship created by and belonging to Plaintiff.  Exemplary low resolution copies of the Copyrighted Works photographed by Plaintiff are attached as **Exhibit A**.

21.     Several of the Copyrighted Works are registered with the US Copyright Office as part of a group registration titled Ad Brochure Photos, Reg. No. VA 2-066-793.  The Certificate of registration is attached as **Exhibit B**. The remaining Copyrighted Works are pending registration in the US Copyright Office with Claim Nos. 1-5872805173 and 1-5872804831.

22.     Using photo editing computer software, multiple images from the Copyrighted Works ("Infringed Works") were modified, combined, and otherwise manipulated to create

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

Advertising Materials for SkinMedica Products ("SkinMedica Materials").  Exemplary copies of the SkinMedica Materials featuring the Infringed Works are attached as **Exhibit C.**

      23.     The Infringed Works include, on information and belief, at least the following images:


Image 1


Image 2


Image 3

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

24.     Image 1 and Image 2, above, are registered with the U.S. Copyright office, with Registration Number VA 2-066-793.  *See* **Exhibit B.**  Image 3 and the remaining Infringed Works are pending registration with the U.S. Copyright Office, as described above.

25.     On information and belief, through the use of photo editing software, the above identified images were modified, manipulated, or combined with other Copyrighted Works.

**C. SkinMedica's Use License to the Copyrighted Works**

26.     In October 2004 SkinMedica licensed from Plaintiff, on a non-exclusive basis, the right to use for two years the Infringed Works in the SkinMedica Materials.

27.     Upon expiration of the original 2-year license in October 2006, Plaintiff and SkinMedica agreed to extend the license term several times (collectively all extensions of the license after October 2006 are referred hereinafter as the "Use License").  Exemplary and representative copies of the Use License are attached as **Exhibit D.**

28.     The Use License provided:

> Rights are granted for usage of six (6) images or six (6) photographs related to SkinMedica's advertising campaign with a limited printed circulation . . . for distribution in U.S.A., Canada and Internationally, Including Asia.  All photographs are copyrighted by Sarah Baley and limited rights are granted to SkinMedica for advertising as follows: brochures, direct mail, including catalogs and web sites. All rights are reserved except those noted on this agreement and any additional usage must be negotiated separately.

*See* **Exhibit D.**

29.     All Copyrighted Works and the rights to them, "including copyright, remained the sole and exclusive property of Sarah Baley."  *See, e.g,* **Exhibit D**, ¶ [2].

30.     The Use License does not contain a provision permitting SkinMedica to grant sublicenses. *See,* **Exhibit D**.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

31.    The Use License contains a provision expressly prohibiting transfer or assignment by SkinMedica of the Copyrighted Works or any of the rights under the Use License.  **Exhibit D**, ¶ [5].

32.    On information and belief, in or about June 2009, SkinMedica requested that the Use License be extended on a month to month basis.  Instead of month to month, the Use License was extended once for three months, until October 1, 2009, and subsequently for six months until April 1, 2010.  *See* **Exhibit D**.

33.    On or about March 24, 2010, SkinMedica informed Plaintiff that SkinMedica would no longer use the SkinMedica Materials and was ready to terminate the Use License as of April 1, 2010.  *See* **Exhibit E**, at 1.

**D. SkinMedica First Uses of the Copyrighted Works Without Permission**

34.    On or about April 5, 2010, Plaintiff noticed that SkinMedica was still using the SkinMedica Materials without authorization and offered another six- month extension of the Use License to SkinMedica.  SkinMedica refused, and only paid for use of the SkinMedica Materials for one month, until April 30, 2017.

35.    In August 2010, Plaintiff again discovered that SkinMedica had continued to use the SkinMedica Materials.  On or about August 19, 2010, Plaintiff informed SkinMedica of the use and requested payment.  Plaintiff requested payment for each month after April 1, 2010, during which SkinMedica had been using the SkinMedica Materials.  Plaintiff also offered a longer term extension of the Use License, a full buyout, or the option of charging SkinMedica for several months of usage at a time.  *See* **Exhibit E**, at 3.

36.    On or about August 19, 2010, Lisa O'Connor from SkinMedica denied using the SkinMedica Materials.  *See* **Exhibit E**, at 4.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

37.     On information and belief, following a more than a month long investigation SkinMedica discovered that it had been using the SkinMedica Materials.

38.     On information and belief, in September 2010, SkinMedica did not accept the longer term extension of the Use License offered by Plaintiff.  SkinMedica agreed to pay Plaintiff only for SkinMedica's past use of the SkinMedica Materials between April 30, 2010 and October 1, 2010.

39.     SkinMedica pressured Plaintiff to accept a significantly reduced payment for the unauthorized use since April 30, 2010.  *See,* **Exhibit E**, at 5.  Plaintiff accepted a reduced payment for SkinMedica's past unauthorized use, being afraid not to alienate SkinMedica, and hoping for additional work from the company.

40.     At the time, SkinMedica represented to Plaintiff that SkinMedica had instructed its distributors to stop using the SkinMedica Materials.  SkinMedica also assured Plaintiff that SkinMedica and its distributors will no longer use the SkinMedica Materials.  On or about October 7, 2010, Lisa O'Connor of SkinMedica wrote:

On Thu, Oct 7, 2010 at 9:09 PM, O'Connor, Lisa <loconnor@skinmedica.com> wrote:

Great news.  One of the two remaining distributors finished removing your images from the flash/website.  We are still working on one remaining image on the Serbian website that we hope to have removed shortly.  I just wanted to confirm that this will be our last payment for you for usage of  your SkinMedica images.

**Exhibit E**, at 5

41.     On or about October 8, 2010, Ms. O'Connor, also confirmed that SkinMedica would no longer be using the SkinMedica Materials.   **Exhibit E**, at 6.

42.     In the Fall of 2010, Plaintiff confirmed that the SkinMedica Materials were not displayed on several websites that previously had been displaying them.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

### D. Plaintiff Discovers Defendants' Continued Unauthorized Use of the Copyrighted Works

43.     In November 2015 and again in August 2016, Plaintiff noticed a print brochure featuring the SkinMedica Materials in the offices of dermatologist Dr. Howard Sobel, located on Park Avenue in Manhattan, New York.  Copies of photographs of the brochures as displayed in Dr. Sobel's office in August 2016 are attached as **Exhibit F**, at 1-3.

44.     On information and belief, Dr. Sobel was at the time, and still is a SkinMedica Reseller.

45.     On information and belief Defendants provided the brochures with the SkinMedica Materials to Dr. Sobel's office after October 2010.  On or about September 9, 2016, Dr. Sobel's office informed Plaintiff that the brochures were received from Allergan with the latest order of SkinMedica Products, writing:

**Howard Sobel** <cosmeticdermatology@drsobel.com>                              Fri, Sep 9, 2016 at 2:17 PM
To: Sarah Baley <sarah.baley@gmail.com>

   Sarah, the last order of skin medica peels we received was in may 2016 and the brochures you have pictured came with the order from Allergan. Carol

**Exhibit F**, at 4.

46.     On information and belief an Allergan representative contacted Dr. Sobel's office in the Fall of 2016.  Following Allergan's contact, Dr. Sobel's office would no longer confirm that the brochures were received in 2016.

47.     On information and belief, discovery of materials and information, currently in possession of Allergan or third parties will show that after October 1, 2010, Defendants have provided copies of the Infringing Materials to other SkinMedica Resellers, in addition to Dr. Sobel, thereby reproducing, displaying, or distributing the Infringing Materials, without authorization.

48.     In or about November 2015, Plaintiff searched the internet and discovered numerous websites of SkinMedica Resellers displaying without Plaintiff's authorization the SkinMedica Materials featuring the Copyrighted Works ("Infringing Materials").

49.     In or about November 2015, Plaintiff informed Allergan of the ongoing use of the Infringing Materials and requested payment for Defendants' use of the SkinMedica Materials since October 1, 2010, pursuant to the arrangement with SkinMedica.  On or about November 24, 2015, Erin Liberto of Allergan denied using the Infringing Materials, stating:

Liberto_Erin <Liberto_Erin@allergan.com>
To: Sarah Baley <sarah.baley@gmail.com>                                    Tue, Nov 24, 2015 at 4:45 PM

HI Sarah

After looking into everything, I am very confident that we are not using your images on any Allergan materials or websites, nor have we been for a very long time. As such, I think it's best for our lawyers to take things from here. Please have her contact Bryan Smith

50.     In November 2015, Plaintiff wrote to Bryan Smith, in-house counsel at Allergan, providing a long list of exemplary websites displaying the Infringing Materials.  On information and belief Mr. Smith did not respond.

51.     On or about August 1, 2016, counsel for Plaintiff contacted Mr. Smith, again notifying him of the numerous infringing websites of SkinMedica Resellers.  The Letter from J. Nelson Happy, counsel for Plaintiff, to Bryan Smith is attached as **Exhibit G**, at 1-9.

52.     On information and belief many of the websites identified to date that display the Infringing Materials are affiliated with past and present SkinMedica Resellers.  For example, SkinMedica's "How to Purchase" webpage identifies Dr. Craig Petry, M.D., owner of Wyndhurst Medical Aesthetics (see, **Ex. G**, at 7, second entry), and Ageless Aesthetics MediSpa (*see,* **Ex. G**, at 7, www.aamedispa.com/...) as SkinMedica Resellers, as illustrated in following excerpts from the SkinMedica's webpage screen capture:

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT



53.      In a letter dated August 30, 2016, Mr. Smith denied that Allergan had distributed or otherwise used the Infringing Materials.  Mr. Smith's letter is attached as **Exhibit G**, at 10. Mr. Smith suggested that Plaintiff take action directly against the physicians, spas, and other third parties who were displaying the Infringing Materials (the "Individual Infringers").  *See,* **Exhibit G**, at 10.

54.      An exemplary list of Individual Infringers' website URLs that have displayed or continue to display the Infringing Materials, and thus directly infringe Plaintiff's copyright is attached as **Exhibit H**, at 1-2.  On information and belief, at least the Individual Infringers, who are affiliated with websites numbered 1 through 66 in **Exhibit H,** currently are authorized by Allergan as SkinMedica Resellers.  Exemplary screen captures of several of the Individual Infringers websites is attached as **Exhibit H**, at 3-8.

55.      On information and belief, discovery of materials and information, currently in possession of Allergan or third parties, will show numerous additional Individual Infringers, who after October 1, 2010, have reproduced, displayed, or distributed the Infringing Materials, either electronically through websites, electronic mail, and social media, or in hardcopy in their offices.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

56. Between July and September 2017, Plaintiff sent cease and desist letters to several Individual Infringers demanding, among other things, compensation for the infringement ("C&D Letters").

57. On information and belief, several of the Individual Infringers who received C&D Letters contacted Allergan informing it of Plaintiff's demands, and provided the C&D Letters to Allergan.

**E. Defendants' Continuing Unlawful Acts**

58. In August and September 2017, Plaintiff received information sufficient to form a belief that after October 1, 2010, Defendants have been reproducing, using, displaying, and distributing the Infringing Materials, and instructing SkinMedica Resellers to copy, use, distribute of publicly display the Infringing Materials. For example, Dr. Bartels of Bartels Facial Rejuvenation, at www.drbartelsnh.com, one of the SkinMedica Resellers who received a C&D Letter, informed Plaintiff of his belief that one image of the Infringing Materials, of three women with a SkinMedica logo on the bottom of the image, was a SkinMedica stock photo, prepared, distributed, and provided by SkinMedica. Correspondence with Dr. Bartels is attached as **Exhibit I**, at 3-5. On information and belief, Dr. Bartels' website, www.drbartelsnh.com, did not become operational until at least 2013 and the Infringing Materials did not appear on the website until later, long after October 1, 2010.

59. On information and belief, following the acquisition of SkinMedica, Allergan has been maintaining copies of the Infringing Materials, at least on its "allerganbrandbox.com" website, and instructing its SkinMedica Resellers to access the Infringing Materials from that website. On information and belief, SkinMedica® branded materials, including the Infringing Materials, were available on the alerganbarndbox.com website at least in 2013. For example,

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

counsel for Image Rx, an Individual Infringer, informed us that Image Rx obtained the Infringing Materials from Allergan in late 2013, and was instructed to obtain advertising materials from the allerganbrandbox.com website.  Correspondence from Counsel for Image Rx is attached as **Exhibit I**, at 1-2.

60.    On information and belief SkinMedica did not remove or delete the Infringing Materials and continued to reproduce, display, distribute, or otherwise use the Infringing Materials after October 1, 2010, without Plaintiff's authorization or permission.

61.    On Information and belief following Allergan's acquisition of SkinMedica in 2012, Allergan obtained from SkinMedica the Infringing Materials.

62.    On information and belief, Defendants have continued copying, displaying, distributing and using the Infringing Materials to advertise SkinMedica Products without Plaintiff's authorization or permission.

63.    Without Plaintiff's authorization or permission, on information and belief, after October 1, 2010, Defendants have reproduced and distributed copies of the Infringing Materials to the Individual Infringers and have been instructing the Individual Infringers to make copies, distribute, and publicly display the Infringing Materials to market and advertise the SkinMedica Products.

64.    On information and belief Defendants have profited and continue to profit from the sale of SkinMedica Products through the SkinMedica Resellers, as a result of the public use and distribution of the Copyrighted Works by Allergan and by the SkinMedica Resellers.

**FIRST CLAIM FOR RELIEF**
***(Direct Copyright Infringement under (17 U.S.C. § 101 et seq.))***

65.    Plaintiff realleges the preceding paragraphs and incorporates them by reference as if fully set forth herein.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

66.     The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

67.     Plaintiff is the sole and exclusive owner of the copyrights, including the right to sue for infringement of the copyright in the Copyrighted Works.

68.     By reproducing, distributing and displaying the Infringing Materials, as described above, Defendants violated and infringed upon Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.

69.     On information and belief, Defendants' infringement of Plaintiff's copyright in the Copyrighted Work is willful and deliberate, and Defendants have profited at the expense of Plaintiff.

70.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover her actual damages from Defendants' illegal and improper uses of the Copyright Works, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on the disgorgement of Defendants' profits resulting from their infringement of the Copyrighted Works, in an amount to be proven at trial.

71.     Plaintiff is also entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

72.     Defendants' infringing conduct has caused irreparable injury, and will continue to cause irreparable injury unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### SECOND CLAIM FOR RELIEF
*(Inducement of Copyright Infringement)*

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

73.     Plaintiff realleges the preceding paragraphs and incorporates them by reference as if fully set forth herein.

74.     Individual Infringers who are SkinMedica Resellers have engaged in unauthorized reproduction, distribution and display of the Infringing Materials, as described above.  As a result the Individual Infringers are liable for direct copyright infringement of Plaintiff's exclusive rights of reproduction, display, and distribution under 17 U.S.C. § 106.

75.     Each of the Individual Infringers' infringing acts has been encouraged and made possible by Defendants, whose object is to increase sales of the SkinMedica Products.  On information and belief Defendants, as described above, have provided the Infringing Materials to the Individual Infringers and have instructed and encouraged them to reproduce the Infringing Materials, to distribute them and publicly display them to promote sales of the SkinMedica Products and increase Defendants' profits.

76.     As a result of the foregoing, Defendants are liable under the Copyright Act for inducing the infringing acts of the Individual Infringers, in violation of Sections 106 and 501 of the Copyright Act.

77.     On information and belief, Defendants' acts in inducing infringement of Plaintiff's copyright in the Copyrighted Works are willful and deliberate, and Defendants have profited at the expense of Plaintiff.

78.     As a direct and proximate result of Defendants' inducing the direct infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover her actual damages from Defendants' illegal and improper uses of the Copyright Works, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

the disgorgement of Defendants' profits resulting from the direct infringement of the Copyrighted Works by the Individual Infringers, in an amount to be proven at trial.

79.    Plaintiff is also entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

80.    Defendants' inducement of infringing conduct has caused irreparable injury, and will continue to cause irreparable injury unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

81.    Plaintiff realleges the preceding paragraphs and incorporates them by reference as if fully set forth herein.

82.    Individual Infringers who are SkinMedica Resellers have engaged in unauthorized reproduction, distribution and public display of the Infringing Materials, as described above.  As a result the Individual Infringers are liable for direct copyright infringement of Plaintiff's exclusive rights of reproduction, display, and distribution under 17 U.S.C. § 106.

83.    Defendants had actual and constructive knowledge of the Individual Infringers' infringing acts and materially contributed to those acts with the object of increasing the sales of the SkinMedica Products.  On information and belief Defendants, as described above, have provided the Infringing Materials to the Individual Infringers and provided access to the Infringing Materials at least from the AlerganBrandBox.com website thus facilitating the unauthorized reproduction, public display, and distribution of the Infringing Materials.

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

84.     As a result of the foregoing, Defendants are liable under the Copyright Act for contributorily infringing Plaintiff's copyrights in violation of Sections 106 and 501 of the Copyright Act.

85.     On information and belief, Defendants' contributory infringement of Plaintiff's copyright in the Copyrighted Works is willful and deliberate, and Defendants have profited at the expense of Plaintiff.

86.     As a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover her actual damages from Defendants illegal and improper uses of the Copyright Works, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on the disgorgement of Defendants' profits resulting from the direct infringement of the Copyrighted Works by the Individual Infringers, in an amount to be proven at trial.

87.     Plaintiff is also entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

88.     Defendants' contributory infringement has caused irreparable injury, and will continue to cause irreparable injury unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
*(Vicarious Copyright Infringement under 17 U.S.C. § 101 et seq.)*

89.     Plaintiff realleges the preceding paragraphs and incorporates them by reference as if fully set forth herein.

90.     Individual Infringers who are SkinMedica Resellers have engaged in unauthorized reproduction, distribution and public display of the Infringing Materials, as described above.  As

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

a result the Individual Infringers are liable for direct copyright infringement of Plaintiff's exclusive rights of reproduction, display, and distribution under 17 U.S.C. § 106.

91.     Defendants had the legal right and actual ability to supervise and control the infringing activities of the Individual Infringers.  For example, on at least one occasion, Defendants successfully instructed various SkinMedica Resellers to stop reproducing and displaying the Infringing Materials.

92.     Defendants nevertheless refused to exercise any control over the unauthorized reproduction, public display and distribution of the Infringing Materials by the SkinMedica Resellers, and as a direct and proximate result of such failure, the Individual Infringers have infringed Plaintiff's Copyrighted Works.

93.     Defendants derived direct and substantial financial benefits from the infringements of Plaintiff's Copyrighted Works, at least through increased sales of SkinMedica Products as a result of marketing and advertising using the highly artistic Infringing Materials.

94.     As a result of the foregoing, Defendants are liable under the Copyright Act for vicariously infringing Plaintiff's copyrights, in violation of Sections 106 and 501 of the Copyright Act.

95.     On information and belief, Defendants' infringement of Plaintiff's copyright in the Copyrighted Work is willful and deliberate, and Defendants have profited at the expense of Plaintiff.

96.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover her actual damages from Defendants' illegal and improper uses of the Copyright Works, in an amount to be proven at trial.  In addition, Plaintiff is entitled to recover damages based on the

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

disgorgement of Defendants' profits resulting from their infringement of the Copyrighted Works, in an amount to be proven at trial.

97.  Plaintiff is also entitled to her costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

98.  Defendants' infringing conduct has caused irreparable injury, and will continue to cause irreparable injury unless permanently enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FIFTH CLAIM FOR RELIEF
#### (Negligent Misrepresentation)

99.  Plaintiff realleges the preceding paragraphs and incorporates them by reference as if fully set forth herein.

100.  Defendants owed Plaintiff a duty, as a result of the contractual relationship between SkinMedica and Plaintiff, to act with a reasonable care in providing correct information to Plaintiff about whether Defendants' were reproducing, displaying, distributing, or otherwise using the SkinMedica Materials.

101.  Defendants have breached their duties knowingly, wantonly, recklessly, or at least negligently, by making false representations that after October 1, 2010, Defendants would not reproduce, display, distribute, or use the SkinMedica Materials, and false representations that Defendants have not used the SkinMedica Materials after October 1, 2010, at least as described above.  Defendants either knew or should have known that those statements were false, as SkinMedica continued to reproduce and maintain copies of the Infringing Materials.  As described above, the AllerganBrandBox.com website contained copies of the Infringing Materials at least as of 2013.  Copies of the Infringing Materials necessarily must have been

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

provided by SkinMedica to Allergan following Allergan's Acquisition of SkinMedica in 2012. That would not have been possible if SkinMedica had stopped reproducing, displaying, and otherwise using the Infringing Materials in October 2010 as SkinMedica falsely represented to Plaintiff.

102.    At the time of the misrepresentations Plaintiff was ignorant of their falsity. Defendants knew that Plaintiff desired and needed the information to request appropriate payment for Defendants' use of the Copyrighted Works or to otherwise monitor and enforce her rights.

103.    Plaintiff reasonably relied on the misrepresentation to her detriment, at least by not monitoring for unauthorized use and seeking payment from Defendants.  Plaintiff did not discover the falsity of Defendants representations until August and September 2017, when SkinMedica Resellers informed her that they had received the Infringing Materials from Allergan, either directly or through the allerganbrandbox.com website, following October 2010.

104.    Defendants' conduct constitutes the making of negligent misrepresentations (including negligent omissions to state facts in connection with the statements that were made) under all applicable law.  As a direct and proximate result of the negligent misrepresentations/omissions, and in reliance thereon, Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court provide relief and enter judgment as follows:

(a)    That Defendants have directly infringed the Copyrighted Works;

(b)    That Defendants have induced the infringement the Copyrighted Works;

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

(c)    That Defendants have contributed to the infringement the Copyrighted Works;

(d)    That Defendants are vicariously liable for the direct infringement of the Copyrighted Works by the SkinMedica Resellers;

(e)    That Defendants are liable for negligent misrepresentation of facts;

(f)    That Defendants' acts of infringement, inducement of infringement and contributing to infringement have been willful and deliberate;

(g)    That Defendants are ordered to pay for Plaintiff's actual damages sustained as a result of Defendants' infringement, including photographic session and day fees, usage license fees, reasonable royalties, and all other appropriate damages sustained by Plaintiff;

(h)    That Defendants are ordered to account for their profits as a result of the infringement of the Copyrighted Works and pay to Plaintiff the damages resulting from Defendants and Individual Infringers infringements, together with interest and costs;

(i)    That Defendants are permanently enjoined from further infringement of the Copyrighted Works;

(j)    That Plaintiff be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

Dated: October 4, 2017                      Stoyanov Law P.L.L.C.

By: ___/s/ Stefan R. Stoyanov_____
                Stefan R. Stoyanov (SDNY SS1527)
                757 Third Avenue, 20th Floor
                New York, NY 10017
                E-Mail: Stefan@StoyanovLaw.com
                Tel.: (212) 602-1338

DRAFT – PRIVILEGED AND CONFIDENTIAL/ATTORNEY WORK PRODUCT

*Attorney for Plaintiff Sarah Baley*